DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a denial of a post-sentence motion to withdraw a no contest plea and petition for postconviction relief filed in the Wood County Court of Common Pleas. Appellant, Prakhar Jain, entered a no contest plea on a bill of information, and was subsequently found guilty of: one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, and one count of sexual imposition in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree.
 {¶ 2} The material facts of this case are taken from the plea hearing transcript and are as follows:
 {¶ 3} Appellant, a college student, was visiting Bowling Green State University, located in Wood County Ohio, with some friends. While there, he entered into the rooms of eight separate female college students, all of whom were residents of the same student housing complex. Appellant proceeded to fondle the female students in various ways. He rubbed the back part of one student's upper thigh, rubbed another's arm, her forearm, and then proceeded to lick her fingers. Appellant rubbed another student's leg under her covers and, still another, was rubbed on her lower stomach area.
 {¶ 4} For the burglary charge, the trial judge sentenced appellant to three years of community control sanctions, with thirty of those days in the custody of the Wood County Justice Center. For the sexual imposition charge, appellant was sentenced to sixty days, which was suspended, in the custody of the Wood County Justice Center and one year probation. Appellant later filed a motion to withdraw his no contest plea and a petition for postconviction relief. The trial court denied this motion.
 {¶ 5} Appellant filed a timely notice of appeal and sets forth the following three assignments of error:
 {¶ 6} "The trial court erred in overruling the appellant's motion to withdraw no contest plea and petition for postconviction relief without a hearing since the separate offenses require separate counts or the charging instrument is void."
 {¶ 7} "The trial court erred in overruling the appellant's motion to withdraw no contest plea and petition for postconviction relief without a hearing since a plea of no contest must be supported by the facts that establish the existence of each and every element of the offense charged."
 {¶ 8} "A no contest plea must be vacated where but for the ineffective assistance of counsel it would not have been made."
 {¶ 9} Appellant asserts that he is entitled to postconviction relief pursuant to R.C. 2953.21(E). However, appellant failed to argue this assignment separately in his brief. Therefore, we choose to disregard appellant's assignments of error as they concern his petition for postconviction relief, App.R. 12(A)(2). See also, C. Miller Chevrolet v. Willoughby Hills (1974),38 Ohio St.2d 298, 301, citing Paulin v. Midland Mut. Life Ins.Co. (1974), 37 Ohio St.2d 109.
 {¶ 10} In his first assignment of error, appellant asserts that the trial court erred in denying his post-sentence motion to withdraw his no contest plea without a hearing.
 {¶ 11} The only method for withdrawing a no contest plea after the imposition of sentence is to "correct manifest injustice." Crim.R. 32.1; See also, State v. Smith (1997),49 Ohio St.2d 261, paragraph one of the syllabus. "This term has been variously defined, but it is clear that under such standard, a postsentence [sic] withdrawal motion is allowable only in extraordinary cases." Id. at 264. The burden is on the defendant seeking to withdraw the plea. Id. at paragraph one of the syllabus.
 {¶ 12} Additionally, a trial court is not required to hold a hearing on a post-sentence motion to withdraw a plea if the facts alleged by the defendant and accepted as true by the trial court would not require the withdrawal by the trial court. State v.Nathan (1995), 99 Ohio App.3d 722, 725, State v. Blatnik
(1984), 17 Ohio App.3d 201,204.
 {¶ 13} This court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v. Nathan at 725. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} In his first argument, appellant claims that because the bill of information included multiple offenses in one count, it was void as being duplicitous. The court finds no merit in this assignment of error.
 {¶ 15} Crim.R. 12(C)(2) provides that, "(d)efenses and objections based on defects in the indictment, information, or complaint" must be raised before trial. The failure to raise these issues before trial results in a waiver of these defenses or objections. Crim.R. 12(H).
 {¶ 16} Additionally, R.C. 2941.29 states that, "[n]o indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of thetrial, or at such time thereafter as the court permits. (Emphasis added).
 {¶ 17} Appellant only decided to challenge the "duplicitous" bill of information after entering a plea of no contest, being found guilty, and being sentenced. Because they were not made before trial his objections were effectively waived and he cannot challenge his conviction based on a faulty bill. State v.Noling, 98 Ohio St.3d 44, 55, 2002-Ohio-7044 at paragraph 61. For the foregoing reason, appellant's first assignment of error is found not well taken.
 {¶ 18} In his second assignment of error, appellant argues that the prosecutor's recitation of facts at the plea hearing was faulty because it failed to establish all the elements of the offense of sexual imposition; therefore, his no contest plea should be vacated. The court finds no merit in this assignment of error.
 {¶ 19} R.C. 2907.06(A)(1) provides:
 {¶ 20} "No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
 {¶ 21} The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard."
 {¶ 22} "Sexual contact" is defined as, "* * * any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2901.01(B)
 {¶ 23} If this case went to trial, the prosecutor would have to prove "beyond a reasonable doubt," that all these elements were present. However, with a no contest plea this requirement is eliminated, and the state need only allege sufficient facts to charge a violation. State v. Bird (1998), 81 Ohio St.3d 582,584. Furthermore, Crim.R. 11(B)(2) provides that, while a no contest plea is not an admission of guilt, it is an admission of the truth of the facts alleged in the indictment, information, or complaint.
 {¶ 24} In the case at bar, the appellant pled no contest to one count of sexual imposition and therefore admitted the truth of the allegations in the indictment. The bill of information alleges the appellant did have sexual contact knowing that the contact was offensive to the victims or was reckless in that regard. Also, the record shows that the prosecutor stated that, had the case proceeded to trial, the evidence would have shown that the appellant went into the rooms of several female college students and fondled them in various ways. The trial court judge stated that "[b]etween the prosecutor's on-the-record inquiry at the entrance [sic] of the plea and the factual allegations in the information, the court had adequate evidence to find the defendant guilty of sexual imposition."
 {¶ 25} We therefore conclude, that there were sufficient facts to allow the lower court to determine that no manifest injustice took place. Thus, the trial court did not abuse its discretion in failing to hold a hearing before denying appellant's motion to withdraw his no contest plea. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 26} In his third assignment of error, appellant argues that, but for ineffective assistance of trial counsel, he would not have made his no contest plea, and therefore, it must be vacated. The court finds no merit in this assignment of error.
 {¶ 27} Appellant makes three assertions to prove the alleged ineffectiveness of the assistance of his counsel. First, counsel failed to object to the duplicitous bill of information. Second, counsel failed to object to the prosecutor's recitation of facts which failed to recite the elements of the crime and state the evidence available to prove his guilt. And, third, appellant was not shown his discovery, was not informed of possible defenses, and was pressured to enter a plea under threat of withholding bond.
 {¶ 28} The standard for deciding whether the assistance of counsel is ineffective to the point that appellant's guilty plea must be withdrawn is established in a two part test. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" Strickland v. Washington
(1984), 466 U.S. 668, 688, State v. Bradley (2001),91 Ohio St.3d 570, 571. Second, the defendant must show that counsel's deficiency was prejudicial to the case. Strickland v.Washington at 687-688. Specifically, the defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Therefore, to reach a finding that counsel was so ineffective as to require a withdrawal of appellant's plea, both parts must be satisfied; accordingly, the failure to satisfy one part of the Strickland test negates the court's need to consider the other. Id. at 697, State v. Madrigal
(2000), 87 Ohio St.3d 378, 389.
 {¶ 29} The Strickland Court also held that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland v.Washington, 466 U.S. at 689.
 {¶ 30} Appellant's first assertion is that the attorney should have noticed that the bill of information was duplicitous and objected to it. Assuming that he had objected, it is difficult to see how there would have been a different result as required under Strickland As the trial judge stated, "[o]ne suspects the prosecutor would have moved to amend the information. At this preliminary phase of the case, amending the information would not materially interfere with the progress of the case."
 {¶ 31} Accordingly, counsel's failure to object does not satisfy part two of the Strickland test, insofar as it did not prejudice appellant's case.
 {¶ 32} Appellant's second assertion is that counsel was ineffective because he failed to object to the prosecutor's recitation of the facts at the time of the plea hearing. We have already determined that the prosecutor's recitation of facts coupled with the bill of information, provided sufficient facts on all the essential elements needed to find appellant guilty of sexual imposition. As a result, we find that appellant's counsel was not deficient in failing to object to the prosecutor's recitation, and, consequently, his performance did not fall below an objective standard of reasonableness. Therefore, we find no validity in this assertion.
 {¶ 33} Appellant's third assertion is that his counsel was ineffective in that he failed to show him any discovery, failed to discuss defenses with him, and pressured him into pleading.
 {¶ 34} The appellant asserts in his affidavit that he did not know of his possible defenses and he did not know he could view any discovery. While trial counsel never filed a formal request for discovery, appellant fails to demonstrate that a discovery request would have in any way changed his decision to plead no contest to the charges in the bill of information. Therefore, we cannot say that counsel's omission prejudiced his client's case.
 {¶ 35} The record of this case does not reflect that appellant was coerced into entering a plea of no contest by any threats concerning his ability to post bail. Appellant received a bond hearing on April 8, 2002 (over two months before his plea was entered) whereupon the court set bond at appellant's own recognizance. In addition, the record shows that the trial court asked the appellant if any threats or promises were made to him regarding the
 {¶ 36} plea. Appellant said that he had been threatened but not in regard to the plea. The trial court judge held that this answer, along with "[f]urther examination of the record" demonstrated the plea was entered into "intelligently and voluntarily."
 {¶ 37} Because judicial scrutiny of counsel's performance must be highly deferential, and we agree with the trial court's decision that the no contest plea was knowing, intelligent, and voluntary, we hold that appellant has not met the burden of proving that his counsel's performance fell below the objective standard of reasonableness as a lawyer. Consequently, we find no manifest injustice occurred as would require that the no contest plea be withdrawn.
 {¶ 38} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 39} On consideration whereof, this court finds that appellant was not prejudiced or denied a fair hearing, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant, Prakhar Jain, is ordered to pay the costs of this appeal.
Judgment affirmed.
Handwork, P.J., Knepper, J. and Singer, J. Judges, concur.