[Cite as *State v. Schee*, 2017-Ohio-212.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

Court of Appeals No.  E-15-048

Appellee

Trial Court No. 2014-CR-582

v.

Andrew Schee

**DECISION AND JUDGMENT**

Appellant

Decided:   January 20, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski, Chief Assistant Prosecuting Attorney, and Pamela A.
Gross, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Andrew Schee, appeals the July 8, 2015 judgment of the Erie

County Court of Common Pleas convicting him, following a jury trial, of three counts of

rape in violation of R.C. 2907.02(A)(1)(b), and five counts of rape in violation of R.C. 2907.02(A)(2), all felonies of the first degree. Finding no error on record, we affirm.

**Assignments of Error**

{¶ 2} Appellant sets forth the following assignments of error:

I. THE EVIDENCE AT APPELLANT'S TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

II. APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

III. THE TRIAL COURT ERRED BY ALLOWING IMPROPER EVIDENCE BEFORE THE JURY.

IV. THE INDICTMENT FAILED TO PROVIDE ADEQUATE NOTICE TO APPELLANT.

V. THE TRIAL COURT ERRED BY PREVENTING APPELLANT FROM PROPERLY CONFRONTING HIS WITNESSES.

VI. THE STATE FAILED TO ESTABLISH VENUE FOR EVENTS ALLEGED TO HAVE OCCURRED IN KNOX AND HURON COUNTIES.

VII. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR MISTRIAL.

2.

VIII.  THE OFFENSES OF WHICH APPELLANT WAS CONVICTED WERE ALLIED OFFENSES OF SIMILAR IMPORT AND SUBJECT TO MERGER.

IX.  APPELLANT'S SENTENCE IS CONTRARY TO LAW.

X.  APPELLANT'S CONVICTION OF COUNT 2 OF THE INDICTMENT VIOLATES DOUBLE JEOPARDY.

**Background Facts**

{¶ 3} Appellant married and resided with the victim's mother, along with the victim and two younger children.  The victim was appellant's step-daughter.  The victim knew appellant since she was three-years-old and regarded him as not only her step-father, but also a "father-figure."

{¶ 4} Based on testimony at trial, appellant began sexually abusing the victim when she was age eight.  The victim's first allegations of abuse were stated as touching of her chest and vagina, including digital penetration.  This was said to have occurred from January to May 2008.  After May 2008, the abuse progressed to cunnilingus, fellatio, and anal and vaginal intercourse.  The victim stated this abuse occurred on a weekly basis, and she also confirmed that it became a regular way of life for her.

{¶ 5} The victim's testimony detailed her sexual encounters with appellant.  She detailed how he covered her face during the encounters, the settings in which several of the encounters took place, and the coercion tactics employed to keep her from disclosing

the acts. The record supported that the family moved throughout Ohio often and that the alleged abuse continued for the better part of six years.

{¶ 6} After numerous investigations, which occurred in separate counties and at different time periods, appellant was indicted on 17 counts of rape on December 18, 2014. Nine of the counts were for violating R.C. 2907.02 (A)(1)(b), felonies of the first degree, because the victim was less than age 13 at the time of the offenses. The other eight counts were for violating R.C. 2907.02(A)(2), felonies of the first degree, because the victim was age 13 or older at the time of the offenses.

{¶ 7} Appellant pled not guilty to all counts and proceeded to jury trial on May 26, 2015. On June 5, 2015, appellant was found guilty on count Nos. 1, 2, 5, 12, 14, 15, 16, and 17. The trial court imposed the sentence to each count consecutive to the others.

{¶ 8} Appellant was sentenced to two life sentences, plus 60 years without parole. Only the two life sentences plus 10 years was ordered mandatory. Appellant was further deemed a Tier III sex offender and was found subject to a five-year postrelease control sanction for each count on which he was found guilty.

{¶ 9} The judgment was journalized July 8, 2015, and timely notice of appeal was filed. Appellant appeals from this judgment.

### Rape— Count Nos. 1, 2, and 5

{¶ 10} R.C. 2907.02(A)(1)(b) states "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender

4.

but is living separate and apart from the offender, when* * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

### Rape— Count Nos. 12, 14, 15, 16, and 17

{¶ 11} R.C. 2907.02(A)(2) states "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

### Assignment of Error No. 1

{¶ 12} In the first assignment of error, appellant argues his convictions are not supported by sufficient evidence. Appellee contends sufficient evidence was presented during trial.

{¶ 13} In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 14} Here, we find ample support for appellant's convictions on record. The victim testified that appellant, her stepfather, raped her repeatedly throughout a six-year period. She was roughly ages 8 to 15 throughout this time period. She expressed she generally feared him, as an aggressive and large-statured father-figure, and that he coerced her to engage in the sexual acts. *See State v. Braddy*, Cuyahoga No. 83462,

5.

2004-Ohio-3128, ¶ 11 ("fear of being punished if commands are not obeyed satisfies the elements of forcible rape.").

{¶ 15} The victim testified the abuse began with touching and digital penetration, and then progressed to cunnilingus, fellatio, and anal and vaginal intercourse. She also shared details from which a reasonable fact finder could infer specific time periods of abuse. For example, she testified as to where she resided while suffering from specific instances of rape. Her testimony revealed that the abuse occurred weekly, and that it became a regular occurrence for the greater part of the six years she resided with appellant. Additional witness testimony corroborated her timeline and the harm she suffered.

{¶ 16} Based on the record, we find that any rational trier of fact could have found the essential elements of the crimes proven. The evidence is legally sufficient and this assignment of error has no merit.

### Assignment of Error No. 2

{¶ 17} In the second assignment of error, appellant argues his convictions are against the manifest weight. Appellee contends the convictions are amply supported by the record.

{¶ 18} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the conviction. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio

6.

St.3d 380, 387, 678 N.E.2d 541 (1997). The appellate court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See State v. Steed*, 6th Dist. Wood No. WD-15-069, 2016-Ohio-8088, ¶ 51, citing *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio 6048, 943 N.E.2d 1092 (6th Dist.).

{¶ 19} Here, there is competent, credible evidence to support each element of the crimes charged. Further, the greater amount of credible evidence amply supports the verdicts reached by the jury. We find there is no indication the jury lost its way or otherwise created a manifest miscarriage of justice. The second assignment of error is overruled.

## Assignment of Error No. 3

{¶ 20} In the third assignment of error, appellant makes four arguments asserting the trial court abused its discretion by admitting irrelevant and unfairly prejudicial evidence. Appellee contends the evidentiary rulings were neither improper nor unfairly prejudicial.

{¶ 21} It is well settled that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus. Thus, an appellate court will not reverse the trial court's decision absent an abuse of discretion. *State v. Myers*, 97 Ohio

7.

St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 75. An abuse of discretion means more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 402 follows with, "[e]vidence which is not relevant is not admissible."

{¶ 23} Appellant first argues the trial court erred in allowing testimony about "grooming," over objection, because the concept of grooming was irrelevant where there was no foundation appellant engaged in such behavior.

{¶ 24} Grooming was defined at trial as "a series of behavior that a perpetrator engages in to kind of prepare his or her victim for any abuse that's going to happen." Examples of such behavior were stated as isolating, subtly touching, walking nude around, and introducing pornography to, the victim. During the testimony, appellant objected and approached for a sidebar conference.

> **Appellant's counsel:** I'm going to object to the testimony. We don't have any report on this, about this grooming* * *

> **The state:** * * *I'm going to bring it around to what to how [the victim] expressed how this fit in with her.

8.

**Appellant's counsel:** * * * I mean, this is a typical thing that is brought up in these child sex cases that somehow somebody's grooming a person. There's no evidence whatsoever that this person groomed anybody.* * *

**The state:** It's not true there's no evidence because [the victim] started off by saying it started with touching and then it proceeded to fing— fingering and penetration, digital penetration, and then that went on for— for some months* * *

**The court:** Okay. Your objection is noted on the record. It's overruled.

{¶ 25} We agree and find the record reveals no error in the trial court's admission of the testimony about grooming. Because grooming relates generally to child sex cases and the victim testified to such behavior by appellant, we find the testimony meets the relevancy threshold.

{¶ 26} Second, appellant alternatively argues that, even if found relevant, allowing testimony about grooming unfairly prejudiced appellant and misled the jury.

{¶ 27} Evid.R. 403(A) states "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶ 28} Here, we cannot say exclusion of the testimony was mandatory. Because the testimony related to appellant and how he groomed the victim, there was no danger of

9.

unfair prejudice, confusion of the issues, or misleading of the jury sufficient to overcome the probative value.

{¶ 29} Third, appellant argues the court erred in admitting, over objection, testimony about him abusing animals and how that indicates he is mentally disturbed enough to commit sex crimes.

{¶ 30} Evid.R. 404(B) states that evidence of other acts may be admissible for such purposes as, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It follows, "[i]n criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." *Id*. This notice is meant to prevent "unfair surprise." *See State v. Nuzum*, 6th Dist. Lucas No. L-15-1122, 2016-Ohio-2744, ¶ 21 (finding error harmless despite state not providing notice).

{¶ 31} In this case, appellee failed to provide notice to appellant regarding its intent to present evidence about appellant's past cruelty to animals. Therefore, appellee ran afoul of the requirement when eliciting testimony about those prior acts. However, despite its failure to provide notice, we find appellant cannot assert there was unfair surprise or prejudice suffered as a result.

{¶ 32} Primarily, we find appellant suffered no unfair surprise or prejudice because his counsel was the first to elicit the discussion.

10.

**Appellant's counsel:** All right. In—in your sessions with And—I mean, I'm sorry, [the victim], she even said that [appellant] was cruel to animals, correct?

**Mental Health Professional:** I would have to look and see. I don't know. Do you have that marked?* * *

**Appellant's counsel:** So you go from one, or at least based on that exhibit, and you go to yours, she talked about him even being cruel to animals, correct?

**Mental Health Professional:** Correct.

{¶ 33} Also, by eliciting the initial discussion, appellant's counsel created an issue of invited error. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *State v. Wagner*, 2015-Ohio-5502, 57 N.E.3d 109, ¶ 33 (6th Dist.). Thus, admitting the evidence about appellant abusing animals was not reversible error.

{¶ 34} Fourth, appellant argues the trial court's evidentiary errors severely affected his constitutional right to due process and a fair trial.

{¶ 35} Finding no reversible error in the court's evidentiary rulings, we disagree and hold that this final argument has no merit.

{¶ 36} Accordingly, appellant's third assignment of error fails in its entirety.

11.

**Assignment of Error No. 4**

{¶ 37} In the fourth assignment of error, appellant argues the indictment failed to sufficiently apprise him of the distinguishable incidents for which he was accused. Appellee contends appellant failed to challenge the indictment before trial and, nevertheless, a bill of particulars was filed which delineated appellant's specific acts.

{¶ 38} Crim.R. 12(C)(2) provides generally that defenses and objections based on defects in the indictment must be raised prior to trial. Similarly, R.C. 2941.29 provides:

No indictment or information shall be quashed, set aside, or dismissed,* * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits.

{¶ 39} Therefore, the failure to raise any objections based on defects in the indictment prior to trial results in a waiver of these defenses or objections. *See State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46, citing Crim.R. 12(C)(2); *State v. Jain*, 6th Dist. Wood No. WD-03-037, 2004-Ohio-893, ¶ 15-16, quoting Crim.R. 12(H).

{¶ 40} However, there are certain exceptions to this waiver. Crim.R. 12 provides for two such exceptions: (1) the indictment fails to show jurisdiction in the court and (2) the indictment fails to charge an offense. *See* Crim.R. 12(C)(2). These objections "shall

12.

be noticed by the court at any time during the pendency of the proceeding." *See* Crim.R. 12.

{¶ 41} In this case, neither exception applies because no issue with the trial court's jurisdiction or with the offenses charged within the indictment was asserted.

{¶ 42} Therefore, because appellant failed to timely object to the indictment as required by Crim.R.12(C), and as neither of the Crim.R. 12 exceptions applies, he has waived all but plain error. *See Horner* at ¶ 46, citing *State v. Frazier*, 73 Ohio St.3d 323, 332, 652 N.E.2d 1000 (1995), and Crim.R. 52 ("failure to timely object to a defect in an indictment constitutes a waiver of the error. * * * Any claim of error in the indictment in such a case is limited to a plain-error review on appeal.").

{¶ 43} A reviewing court may take notice of the waived error only if it can be characterized as a "plain error." *Id.* An alleged error does not constitute a plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. *See State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994). "[T]he plain error rule is not to be invoked lightly." *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001).

{¶ 44} R.C. 2941.03, in relevant part, provides the following criteria to determine the sufficiency of an indictment: (A) the indictment is entitled in a court having authority to receive it; (B) the indictment was found by grand jury; (C) the defendant is named in the indictment; (D) the offense was committed within the territorial jurisdiction of the court; and, (E) the offense was committed prior to the time of finding of the indictment.

13.

**{¶ 45}** Moreover, "where such crimes constitute sexual offenses against children, indictments need not state with specificity the dates of alleged abuse, so long as the prosecution establishes that the offense was committed within the time frame alleged." *State v. Barnecut*, 44 Ohio App.3d 149, 152, 542 N.E.2d 353 (5th Dist.1988). This is due to the specific date and time of the offense not being elements of the crimes charged. *State v. Gus*, 8th Dist. Cuyahoga No. 85591, 2005-Ohio-6717, ¶ 6.

**{¶ 46}** Further, many child victims are unable to remember exact dates and times, particularly where the crimes involved a repeated course of conduct over an extended period of time. *See State v. Mundy*, 99 Ohio App.3d 275, 296, 650 N.E.2d 502 (1994). "The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse." *State v. Robinette*, 5th Dist. Morrow No. CA-652, 1987 Ohio App. LEXIS 5996, *8 (Feb. 27, 1987). "[A]n allowance for reasonableness and inexactitude must be made for such cases considering the circumstances." *Id.*

**{¶ 47}** An exception to this general rule exists when the failure to allege a specific date "results in material detriment to the accused's ability to fairly defend himself, as where the accused asserts an alibi or claims that he was indisputably elsewhere during part, but not all, of the interval specified." *State v. Morgan*, 6th Dist. Lucas No. L-00-1114, 2001 Ohio App. LEXIS 2104, *4-5 (May 11, 2001).

**{¶ 48}** Here, the record is devoid of any alibi or evidence appellant was elsewhere during the intervals specified in the indictment. To the contrary, the record supports

14.

appellant resided with the victim for the six years, even after she made accusations of rape, and was only indisputably elsewhere for a short period of time—he lived with his parents while Knox County Children Services investigated in 2013.

{¶ 49} These circumstances facilitated an extended period of abuse, and the record supports the offenses were committed within the time frames alleged. Therefore, because an allowance for reasonableness and inexactitude must be made for this case, we find there is no plain error in finding appellant's indictment sufficiently specific.

{¶ 50} Accordingly, appellant's fourth assignment of error is not well-taken.

**Assignment of Error No. 5**

{¶ 51} In the fifth assignment of error, appellant argues the trial court erred in precluding certain testimony regarding the victim's biological father physical abusing her and her lack of reporting appellant's alleged acts despite opportunity to do so. Appellee contends the court only limited, not precluded, appellant from cross-examining the victim.

{¶ 52} Evid.R. 611(B) states, "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility." However, "[t]he trial court is vested with the discretion to limit the scope of cross-examination, depending on the facts of the particular case." *See State v. Burks*, 6th Dist. Lucas Nos. L-05-1346, L-05-1347, 2007-Ohio-3562, ¶ 29, citing *State v. Treesh*, 90 Ohio St.3d 460, 480-481, 739 N.E.2d 749 (2001). An abuse of this discretion requires that the court's attitude is found

unreasonable, arbitrary or unconscionable. *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140.

{¶ 53} In this case, appellee moved the trial court to exclude reference to the victim's unrelated mental health records, or the content therein, on May 27, 2015. Appellee argued the records were not disclosable and, further, should be excluded because their probative value was substantially outweighed by the risk of undue prejudice.

{¶ 54} Appellant did not respond to the motion by written opposition, but appellant's counsel objected at trial and sidebar conference was held.

{¶ 55} Appellant's counsel argued the victim's medical records revealed that the victim failed to report appellant allegedly abusing her and that her psychological trauma was not only because of the sexual abuse by appellant, but also as a result of physical abuse by her father. Appellant's counsel stressed this information was vital to diminish the credibility of the victim.

{¶ 56} Based on the record, we cannot find merit in appellant's position. The trial court allowed a limited cross examination regarding the relevant content within the medical records, which was content related to the biological father's physical abuse against the victim and the victim's lack of reporting appellant's alleged rapes.

> **Appellant's counsel:** * * *[W]hen you've been abused before, you've reported it, correct?
>
> **The victim:** Yes.

16.

**Appellant's counsel:** Okay. And as a matter of fact, you were physically abused by your biological father, correct?

**The victim:** Yes.

**Appellant's counsel:** Okay. And you had no problem reporting that, correct?

**The victim:** Yes.* * *

**Appellant's counsel:** Okay. Now, in the year—beginning in March of 2011 you were in situations where you were alone with your mother and other professionals where you discussed things, correct?

**The victim:** Yes.

**Appellant's counsel:** Okay, and during those discussions you—at that time you would have had an opportunity to discuss problems with your mother, correct* * *?

**The victim:** Yes.* * *

**Appellant's counsel:** Okay. And during that time did you at any time mention that you had been raped by [appellant]?

**The victim:** No.

{¶ 57} Therefore, the record supports the court did not preclude testimony to the unfair prejudice of appellant. We find appellant was actually given sufficient opportunity to cross-examine the victim, and the limitation placed on the questioning was not in error.

{¶ 58} Accordingly, appellant's fifth assignment of error is not well-taken.

17.

**Assignment of Error No. 6**

{¶ 59} In the sixth assignment of error, appellant argues appellee failed to establish venue for the acts alleged to have occurred in Knox and Huron counties. Appellee contends appellant's acts were a course of conduct and, therefore, he was properly tried in a county in which at least one of the rapes occurred.

{¶ 60} R.C. 2901.12(A) provides that, "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and, except in cases of emergency under section 1901.028, 1907.04, 2301.04, or 2501.20 of the Revised Code, in the territory of which the offense or any element of the offense was committed."

{¶ 61} R.C. 2901.12(H) follows:

When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim * * *

(2) The offenses were committed by the offender in the offender's same * * * relationship to another.

(3) The offenses were committed * * * in furtherance of the same purpose or objective. * * *

(5) The offenses involved the same or a similar modus operandi.

{¶ 62} Here, the record supports the offenses all occurred within the state of Ohio, including Erie, Huron, and Knox counties. The record further supports that the crimes involved the same victim, that appellant maintained the same step-father relationship throughout the years of abuse, that appellant's objective during the crimes was always to engage in sexual acts against the victim, and that appellant always covered the victim's face when engaging in the crimes.

{¶ 63} Based on these findings, we hold there is ample evidence on record to establish appellant's course of criminal conduct. Therefore, it was not error to find appellant could be tried for all of the offenses in Erie County, because the record supported that, as part of his course of conduct, appellant committed at least one of the offenses within Erie's jurisdictional territory.

{¶ 64} Accordingly, the sixth assignment of error is not well-taken.

### Assignment of Error No. 7

{¶ 65} In the seventh assignment of error, appellant argues the trial court erred in denying a mistrial where an expert testified beyond the allowable scope and actually bolstered the victim's credibility. Appellee asserts the expert did not bolster the victim's credibility and, nevertheless, the court did not err because it issued a curative instruction.

{¶ 66} Crim.R. 33(A)(1) states "a new trial may be granted on motion of the defendant for * * * abuse of discretion by the court, because of which the defendant was prevented from having a fair trial." An abuse of discretion requires that the court's

19.

attitude is found unreasonable, arbitrary or unconscionable. *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140.

{¶ 67} Further, in order to prevail on a claim the trial court erred in denying a motion for mistrial, "appellant must overcome a presumption that the trial court's curative instruction was effective to remedy any prejudice he may have suffered." *See State v. Wilt*, 12th Dist. Fayette No. CA95-01-002, 1995 Ohio App. LEXIS 4667, *6 (Oct. 23, 1995), citing *State v. Ferguson*, 5 Ohio St. 3d 160, 163, 450 N.E.2d 265 (1983).

{¶ 68} An expert witness in a child sexual abuse case may not offer an opinion as to the veracity or credibility of the child-victim's testimony. *State v. Boston*, 46 Ohio St.3d 108, 129, 545 N.E.2d 1220 (1989). However, an expert witness may testify that the child exhibited behavior consistent with a history of prior sexual abuse and that, in her opinion, the child is in fact a victim of sexual abuse. *Id.*

{¶ 69} Here, at trial, the expert witness began to testify about typical indicators which are generally exhibited by sexually abused patients. Appellant's counsel object and moved for mistrial. The court denied the motion and offered to issue a curative instruction, which appellant's counsel accepted. The curative instruction was as follows:

> Ladies and gentleman, I'm going to give you an instruction, what we call a limiting or curative instruction. An expert can—can testify that a victim's behavior is consistent with a child who's been a victim of sexual abuse. They can testify to that. They cannot vouch for that—that child's credibility; in other words, if that child's telling the truth or not. They can't

do that. And they cannot say that it was this defendant that—that did the abuse, okay? So some of the questions that were concerning were whether or not this expert was vouching for the credibility of that—that child victim. That's for you guys to determine her credibility, not this expert. Proceed.

{¶ 70} After the curative instruction, the prosecution did not elicit any more testimony regarding typical indicators or the victim's consistent behaviors from the witness. Therefore, because the problematic testimony ended and the court issued an effective curative instruction, we find no error in the denial of appellant's motion for a mistrial.

{¶ 71} Consequently, appellant's seventh assignment of error is not well-taken.

**Assignment of Error No. 8**

{¶ 72} In the eighth assignment of error, appellant argues the trial court abused its discretion in finding that the offenses committed by appellant did not merge. Appellee contends merger does not apply because the offenses occurred during different time periods and with separate animus for each.

{¶ 73} R.C. 2941.25(B) states, "[w]here the defendant's* * * conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

21.

**{¶ 74}** Here, we find appellant committed separate offenses and had separate animus as to each of the offenses for which he was convicted. This eighth assignment of error is not well-taken.

## Assignment of Error No. 9

**{¶ 75}** In the ninth assignment of error, appellant asserts his sentence was contrary to law because the trial court did not make the necessary findings to impose consecutive sentences. Appellee contends the court complied with R.C. 2929.14(C)(4) in making the necessary findings to impose consecutive sentences.

**{¶ 76}** This court reviews consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. Under R.C. 2953.08, "[a]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶ 77}** R.C. 2929.14(C)(4) requires three findings to impose consecutive sentences: (1) consecutive sentences are necessary to protect the public from future harm or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offense, and (3) one of the conditions in R.C. 2929.14(C)(4)(a)-(c) is satisfied. *See State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10.

**{¶ 78}** In this case, the trial court stated:

22.

The Court finds, under 2929.14(C)(4), that the sentences the Court is going to hand down, consecutive, is necessary to protect the public from future crimes by you and is not disproportionate to the conduct that you have or the danger you pose to this community. The Court finds that, under subsection (C)(4)(a), that you were on bond or under a community sanction or post-release control or something of that nature at the time you committed some of these offenses. The Court also finds that at least two of the multiple offenses were committed with one or more courses of conduct and the harm caused by two or more of those offenses was so great or unusual that no single prison term for any of the offenses committed or any part of the course of conduct would adequately reflect the seriousness of your conduct. And the Court finds, under (C)(4)(c), you have a history of criminal conduct that demonstrates consecutive sentences are necessary to protect the public from future crimes by you.* * *

{¶ 79} Based on the trial court's findings, and the record which amply supports these findings, we cannot say the imposition of consecutive sentences was contrary to law.

{¶ 80} Accordingly, the ninth assignment of error is not well-taken.

**Assignment of Error No. 10**

{¶ 81} In the tenth assignment of error, appellant argues his conviction of count No. 2 violates double jeopardy because he was acquitted of count No. 3. Appellee

23.

contends double jeopardy does not attach because Ohio law does not recognize inconsistent verdicts.

{¶ 82} The Fifth Amendment to the U.S. Constitution provides no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *See Benton v. Maryland*, 395 U.S. 784, 793, 23 L.Ed. 2d 707, 89 S.Ct. 2056 (1969) (incorporating double jeopardy clause against the states). Similarly, Article I, Section 10 of the Ohio Constitution states "no person shall be twice put in jeopardy for the same offense."

{¶ 83} "This clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction and/or multiple punishments for the same offense." *See State v. Howard*, 6th Dist. Lucas No. L-95-183, 1996 Ohio App. LEXIS 2172, *2-3 (May 24, 1996), citing *N.C. v. Pearce*, 395 U.S. 711, 717, 23 L.Ed. 2d 656, 89 S.Ct. 2072 (1969).

{¶ 84} Here, appellant argues double jeopardy has been violated because there is nothing in the record to differentiate between count Nos. 2 and 3. The jury instructions adopted for both counts are stated as follows.

Count #2 [or #3] — Rape

In this case, under Count #2 [or #3] of the Indictment, Defendant is charged with Rape. Before you can find Defendant guilty of this offense, you must find beyond a reasonable doubt – all of the following—that:

1) On or about the period of May 2008 through October 21, 2008,

2) In Huron County, Ohio,

24.

3) Defendant engaged in sexual conduct with [the victim]—Date of Birth 10/22/1998,

4) [The victim] was not the spouse of Defendant, and

5) [The victim] was less than thirteen (13) years of age, whether or not Defendant knew the age of [the victim].

{¶ 85} At trial, the victim discussed moving in May 2008 and how she was nine years old at the time. She detailed the house she resided in with appellant, she detailed the room the first episode of vaginal intercourse occurred in, she recalled how he coerced her to not discuss what happened, and she testified about the weekly encounters appellant forced her to engage in throughout the time period.

{¶ 86} In closing arguments, the prosecution clarified its position with regard to why the language in count Nos. 2 and 3 was exact.

Count Number Three. Now, this is the last of the identical elements for this set of charges. Now, this— if you'll notice, this is the same time frame we considered in Count Number Two, May, 2008 to October 21st, 2008. So [the victim] was nine years old. She told you that they were living in the Bellevue house. She was in third and fourth grade during this time. Chief Meister said it was Huron County. So a lot of these details are—are the same.

Certainly she recalled that very first instance of vaginal sex at this location, but she also indicated that she—this continued to happen one to

three times a week at this location. So in the matter of 23 weeks, that's a—that's a minimum of 23 times the defendant raped her. We're asking you to find two counts of Rape within this time period, one for Count Number Two and one for County Number Three. Okay.

{¶ 87} Based on the victim's testimony and the reasoning behind the identical elements of the counts, we find there is evidence on record to differentiate between count Nos. 2 and 3. Appellant was neither at risk of a second prosecution for the same offense after acquittal or after conviction, nor was he at risk of multiple punishments for the same offense. Consequently, this assignment of error has no merit.

## Conclusion

{¶ 88} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                      _____

                                                JUDGE

Arlene Singer, J.               

                                                 _____

James D. Jensen, P.J.              JUDGE
CONCUR.

                                                 _____

                                                 JUDGE

26.