[Cite as *State v. Henson*, 2019-Ohio-229.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1312

    Appellee                              Trial Court No. CR0201701375

v.

Daishawn Henson                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  January 25, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Daishawn Henson, appeals the December 1, 2017 judgment of

the Lucas County Court of Common Pleas, where he was convicted, following a jury

trial, for involuntary manslaughter in violation of R.C. 2903.04(A) and (C), a felony of

the first degree, and for an attached firearm specification in violation of R.C. 2941.145(A),(B),(C) and (F).  Finding no error, we affirm.

## Assignment of Error

1.  Mr. Henson was deprived of his right to presentment to a grand jury and to due process in violation of the Constitutions of the United States and the State of Ohio.

## Background

{¶ 2} On February 14, 2017, appellant was in an altercation with another man ("victim").  This began in an apartment, but carried on into a small laundry room nearby the apartment.

{¶ 3} After verbal exchanges between appellant and the victim, the victim began making threatening gestures while holding a glass bottle.  Appellant eventually displayed his gun in response.  Appellant had his license to carry the concealed gun.

{¶ 4} Surveillance video of the laundry room showed that the victim threw his hands up as an indication of retreat or surrender.  However, after some more heated verbal exchanges, the victim spit at appellant and appellant began to shoot his gun in the direction of the victim.  The victim attempted to escape, but he was shot and eventually passed away.

{¶ 5} On February 24, 2017, appellant was indicted on a sole count of involuntary manslaughter.  No other count was specified in the indictment, and it states as follows:

2.

THE JURORS OF THE GRAND JURY of the State of Ohio, within and for Lucas County, Ohio, on their oaths, in the name and by the authority of the State of Ohio, do find and present that DAI-SHAWN HENSON, on or about the 14TH day of FEBRUARY, 2017, in Lucas County, Ohio, did cause the death of another as a proximate result of the offender's committing or attempting to commit A FELONY, in violation of §2903.04(A) and (C) OF THE OHIO REVISED CODE, INVOLUNTARY MANSLAUGHTER, BEING A FELONY OF THE FIRST DEGREE, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

SPECIFICATION THAT OFFENDER DISPLAYED, BRANDISHED, INDICATED POSSESSION OF OR USED FIREARM-§2941.145(A), (B), (C) and (F).

The Grand Jurors further find and specify that the offender had a firearm on or about the offender or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.

{¶ 6} On March 6, 2017, appellant requested a bill of particulars. On March 14, 2017, appellee responded to the request, and the written response tracked the same statutory language and did not add any predicate offense or factual basis.

3.

**{¶ 7}** Appellee's response did, however, elaborate on rules governing bill of particulars and state that appellee was providing open-file discovery. Appellee also explicitly reserved the right to amend the bill of particulars "should the evidence warrant, at any time before, during, or after trial pursuant to Crim.R. 7(D)."

**{¶ 8}** Appellant requested a second bill of particulars on June 6, 2017. Appellee did not respond to this second request until October 30, 2017.

**{¶ 9}** In its response, appellee stated that it intended to introduce evidence to show that appellant "committed the offense of Felonious Assault in violation [of] ORC §2903.11(A)(2): that [appellant] knowingly caused or attempted to cause physical harm to another by means of deadly weapon or dangerous ordnance."

**{¶ 10}** Trial was scheduled for October 30, 2017, however, appellant requested a continuance and it was rescheduled for November 6, 2017. Trial proceedings concluded on November 9, 2017. In verdict forms journalized on November 15, 2017, the jury found appellant guilty of involuntary manslaughter and the accompanying gun specification.

**{¶ 11}** Sentencing was scheduled for and held on November 30, 2017. Appellant was ordered to serve three years in prison as to the involuntary manslaughter to be followed consecutively by a three-year mandatory period for the gun specification. The judgment was journalized December 1, 2017, and appellant timely appeals.

4.

**Analysis**

{¶ 12} In his sole assignment of error, appellant argues the February 24, 2017 indictment was deficient and, as a result, he was deprived of his right to presentment to a grand jury and to due process of law. Appellee counters, arguing that appellant cannot demonstrate a defect in the indictment or an obvious error by the trial court.

{¶ 13} Crim.R. 12(C)(2) provides generally that defenses and objections based on defects in the indictment must be raised prior to trial.

{¶ 14} Similarly, R.C. 2941.29 provides:

> No indictment or information shall be quashed, set aside, or dismissed, * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits.

*See State v. Schee*, 6th Dist. Erie No. E-15-048, 2017-Ohio-212, ¶ 37-45.

{¶ 15} Therefore, the failure to raise any objections based on defects in the indictment prior to trial results in a waiver of these defenses or objections. *Id.* at ¶ 39, citing *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46; Crim.R. 12(C)(2); *State v. Jain*, 6th Dist. Wood No. WD-03-037, 2004-Ohio-893, ¶ 15-16; and Crim.R. 12(H).

5.

**{¶ 16}** However, there are certain exceptions. Crim.R. 12 provides for two such exceptions where (1) the indictment fails to show jurisdiction in the court and (2) the indictment fails to charge an offense. *See* Crim.R. 12(C)(2). These objections "shall be noticed by the court at any time during the pendency of the proceeding." *See* Crim.R. 12.

**{¶ 17}** Here, neither exception applies because no issue with the trial court's jurisdiction or with the offenses charged within the indictment was asserted below.

**{¶ 18}** Consequently, because appellant failed to timely object to the indictment as required by Crim.R.12(C), and as neither of the Crim.R. 12 exceptions applies, he has waived all but plain error. *Schee* at ¶ 42, citing *Horner* at ¶ 46, *State v. Frazier*, 73 Ohio St.3d 323, 332, 652 N.E.2d 1000 (1995), and Crim.R. 52 (stating "failure to timely object to a defect in an indictment constitutes a waiver of the error. * * * Any claim of error in the indictment in such a case is limited to a plain-error review on appeal.").

**{¶ 19}** A reviewing court may take notice of the waived error only if it can be characterized as a "plain error," which is a clear deviation from a legal rule. *Id.* Such alleged error does not constitute a plain error unless, but for the error the outcome of the trial clearly would have been otherwise. *State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994). "[T]he plain error rule is not to be invoked lightly." *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001).

**{¶ 20}** R.C. 2941.03, in relevant part, provides the following criteria to determine the sufficiency of an indictment: (A) the indictment is entitled in a court having authority to receive it; (B) the indictment was found by the grand jury; (C) the defendant is named

6.

in the indictment; (D) the offense was committed within the territorial jurisdiction of the court; and, (E) the offense was committed prior to the time of finding of the indictment.

{¶ 21} In this case, appellant argues the indictment was insufficient because it did not comply with the requirement that it be found by the grand jury. Appellant claims the grand jury did not identify the underlying felony, and thus the indictment did not comply with the requirement that the indictment be found by the grand jury. Appellant also argues that because the underlying felony was not stated in the indictment, he had no notice of the mens rea element in violation of his right to due process.

{¶ 22} Appellee responds specifically arguing that there is no plain error where the indictment tracks the language of the statute, the predicate offense was clarified through a bill of particulars, appellant had access to open-file discovery, and appellant's interpretation of case law would render Crim.R. 7(D) a nullity.

### 1. Ohio Constitution

{¶ 23} In relevant part, the Ohio Constitution provides:

> Except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury. * * *

See Ohio Constitution, Article I, Section 10.

**{¶ 24}** R.C. 2903.04(A) states that "[n]o person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony." Division (C) follows with, "[w]hoever violates this section is guilty of involuntary manslaughter. Violation of division (A) of this section is a felony of the first degree."

**{¶ 25}** Moreover, R.C. 2941.14(A) states: "In an indictment for aggravated murder, murder, or voluntary or involuntary manslaughter, the manner in which, or the means by which the death was caused need not be set forth."

**{¶ 26}** Ohio courts have long established that specification of the underlying felony or misdemeanor in an indictment for involuntary manslaughter is not required. *State v. Jones*, 8th Dist. Cuyahoga No. 80737, 2002-Ohio-6045, ¶ 40-42, citing *State v. Schaeffer*, 96 Ohio St. 215, 117 N.E. 220 (1917), paragraph two of syllabus; *State v. Klein*, 1st Dist. Hamilton No. C-080470, 2009-Ohio-2886; *Wolf v. State*, 19 Ohio St. 248 (1869), paragraph one of syllabus; *State v. Butler*, 6 Ohio App.2d 193, 217 N.E.2d 237 (1966); *State v. Stewart*, 12th Dist. Clinton No. CA2000-02-006, 2000 Ohio App. LEXIS 4909 (Oct. 23, 2000); *State v. Haffey*, 8th Dist. Cuyahoga No. 63576, 1993 Ohio App. LEXIS 4278 (Sept. 2, 1993); *State v. Whitley*, 4th Dist. Ross No. 1225, 1987 Ohio App. LEXIS 5657 (Jan. 8, 1987).

**{¶ 27}** On that basis alone we find no clear deviation from a legal rule in this case because the indictment was not defective under Ohio law. Thus, this is a ground to dispose of appellant's assigned error in its entirety.

8.

**{¶ 28}** Nevertheless, even if we were to find appellant's indictment defective for failure to include a mens rea element, appellant's assigned error would yet be disposed of under Ohio law for the considerations appellee articulates in its brief.

**{¶ 29}** Namely, because the indictment tracked the language of R.C. 2903.04(A), because appellant had access to open-file discovery, because Crim.R. 7(D) allowed for the allegedly defective charging documents to be amended, and because the predicate offense was clarified through the October 30, 2017 bill of particulars, we cannot say appellant can demonstrate he was prejudiced by the alleged defect in the indictment. *See* Crim.R. 7(D) ("[t]he court may at any time before, during, or after a trial amend the indictment * * *or bill of particulars, in respect to any defect * * * in form or substance[.]"); *State v. Perales*, 5th Dist. Delaware No. 06-CAA120093, 2008-Ohio-58, ¶ 140-145; *State v. Gibson*, 12th Dist. Butler No. CA2007-08-187, 2008-Ohio-5932, ¶ 16 ("appellant must show * * * the amendment prejudiced her defense."); *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 182.

**{¶ 30}** Accordingly, we find appellant's assigned error not well-taken as it relates to an alleged violation of the Ohio Constitution.

### 2. U.S. Constitution

**{¶ 31}** "The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir.1984), citing *Branzburg v. Hayes*, 408 U.S. 665, 33 L.Ed.2d 626, 92 S.Ct. 2646 (1972). "It is also well settled in [the Sixth Circuit] that the Constitution does not require

9.

any particular state indictment rule." *Id.*; *Taylor v. Eppinger*, N.D.Ohio No. 5:16CV539, 2017 U.S. Dist. LEXIS 219489, *22 (Dec. 18, 2017). "In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner." *Koontz*, citing *Combs v. Tennessee*, 530 F.2d 695 (6th Cir.1976) *cert. denied*, 425 U.S. 954, 48 L.Ed.2d 198, 96 S.Ct. 1731 (1976).

{¶ 32} Nevertheless, it is undeniable that "[t]he due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." (Citations omitted) *Koontz*. "This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Id.* "Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial." *Id.*, citing *Combs* at 698.

{¶ 33} Despite a party's failure to challenge the indictment below, federal courts review the sufficiency of it de novo. *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir.2007). Like Ohio law, the analysis is for plain error. *Id.*, citing Fed.R.Crim.P. 52(b).

{¶ 34} An indictment is generally sufficient if it "fully, directly, and expressly sets forth all the elements necessary to constitute the offense intended to be punished." *Id.*, citing *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir.2005).

{¶ 35} Particularly, the indictment must (1) "set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces," and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a

10.

subsequent proceeding, if charged with the same crime based on the same facts." *Id.*, citing *Douglas* at 413. "An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Id.*, citing *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir.1992).

{¶ 36} We note that although an indictment does not specify the underlying felony an offender was attempting to facilitate, federal courts analyzing Ohio law have found that no clearly established federal law would require the state to do so. *See*, *e.g.*, *Flora v. Sheets*, N.D.Ohio No. 1:07-CV-01477, 2008 U.S. Dist. LEXIS 116949, *16 (Apr. 22, 2008).

{¶ 37} Accordingly, appellant's assigned error is not well-taken insofar as it relates to an alleged violation of the U.S. Constitution. Appellant's sole assignment of error is not well-taken.

## Conclusion

{¶ 38} The December 1, 2017 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.