[Cite as *State v. Miller*, 2011-Ohio-1459.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 12-10-13

      v.

TODD MILLER,                      **O P I N I O N**

      DEFENDANT-APPELLANT.

**Appeal from Putnam County Common Pleas Court**
**Trial Court No. 03 CR 35**

**Judgment Affirmed**

**Date of Decision: March 28, 2011**

APPEARANCES:

    *Todd Miller,* **Appellant**

    *Todd C. Schroeder* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Todd Miller ("Miller"), appeals the September 8, 2010 judgment of the Common Pleas Court of Putnam County, Ohio, notifying Miller that upon his release from prison he would be subject to a mandatory term of post-release control of five years.

{¶2} The facts relevant to this appeal are as follows. On July 31, 2003, Miller pled guilty to two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(B)(3), both felonies of the third degree. In his signed plea agreement, Miller was advised that he would receive five years of post-release control ("PRC") for committing a felony sex offense and of the potential consequences of a violation of PRC. On September 5, 2003, Miller was sentenced to four years on each count to be served consecutively for an aggregate sentence of eight years. In its sentencing entry, the trial court notified Miller that he would be placed on PRC for "up to 5 years."[1] Miller did not appeal his conviction.[2]

{¶3} On September 8, 2010, the trial court held a hearing for the purpose of notifying Miller of the proper term of PRC that would be imposed upon him. According to the court's judgment entry regarding this hearing, it provided the

---

[1] This Court is unaware of what PRC advisement was provided to Miller at either his plea hearing or his sentencing hearing as no transcript of either hearing was provided to this Court.

[2] Miller filed a motion for a delayed appeal with this Court, but we denied this motion. *State v. Miller* (February 17, 2005), 3rd Dist. No. 12-05-02.

parties an opportunity to make a statement regarding the issue and then determined that Miller was subject to five years of mandatory PRC.[3]

{¶4} This appeal followed, and Miller now asserts two assignments of error.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A RE-SENTENCING HEARING DE NOVO AS REQUIRED BY LAW, THEREBY, DENYING DEFENDANT HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS AFFORDED BY THE U.S. CONSTITUTION'S FOURTEENTH AMENDMENT.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FAILING TO AFFORD APPELLANT HIS APPELLATE RIGHTS AS AFFORDED BY THE U.S., AND OHIO CONSTITUTIONS, THEREBY, VIOLATING APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW.**

*First Assignment of Error*

{¶5} In his first assignment of error, Miller asserts that his sentence in 2003 was void and that he was entitled to a de novo sentencing hearing pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, and *State v. Bezak*, 112 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Miller correctly contends that in *Bezak*, the Ohio Supreme Court held that a trial court's failure to

---

[3] We have only the September 8, 2010 judgment entry to rely upon as to what transpired as no transcript of that hearing has been provided to this Court.

properly notify an offender of PRC for an offense results in a void sentence for that offense, which requires a trial court to conduct an entirely de novo resentencing hearing for that offense. *Bezak*, 2007-Ohio-3250, at ¶ 16. Miller also correctly maintains that in *Singleton*, the Court determined that *Bezak's* requirement of a de novo resentencing hearing applied to sentences imposed prior to the effective date of R.C. 2929.191 in July of 2006, but that the procedures outlined in R.C. 2929.191 applied to sentences imposed after the statute's effective date. *Singleton*, 2009-Ohio-6434, at ¶ 35. Thus, Miller concludes that because he was originally sentenced in 2003, he was entitled to a de novo resentencing.

{¶6} However, on December 23, 2010, the Ohio Supreme Court issued its decision in *State v. Fischer*, 2010-Ohio-6238. In *Fischer*, the Court held "that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." *Id*. at ¶ 29. In so doing, the Court specifically noted that in its holding in *Bezak* it overlooked an important principle: "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended." *Id*. at ¶ 28. The Court further noted that in modifying *Bezak*, its decision in *Fischer* was "more into line with legislative provisions concerning appellate review of criminal sentences[,]" which allows an appellate court to, inter alia, increase,

reduce, or otherwise modify a sentence without remanding it for a trial court to conduct a resentencing. *Fischer*, 2010-Ohio-6238, at ¶¶ 28-29.

{¶7} In light of *Fischer*, we conclude that Miller was not entitled to a de novo resentencing. To the contrary, the trial court was only obligated to correct its erroneous advisement of PRC and to resentence him accordingly. As noted, the trial court held a hearing regarding the proper notification of PRC, allowed the parties to be heard as to the correct PRC notification, and then provided Miller with the accurate notice of five years of mandatory PRC because he was convicted of felony sex offenses, see R.C. 2967.28(B)(1). Thus, we do not find that the trial court erred in its resentencing of Miller to properly impose five years of mandatory PRC, and the first assignment of error is overruled.

*Second Assignment of Error*

{¶8} Miller contends in his second assignment of error that the trial court erred in failing to inform him of his appellate rights pursuant to Crim.R. 32(B), specifically his right to have counsel appointed to him if he could not afford to obtain counsel. We agree with Miller that a trial court is required to inform a defendant convicted of a serious offense, such as a felony sex offense, of his right to appeal or to seek leave to appeal the sentence imposed, including the right to court-appointed counsel if the defendant is unable to obtain appellate counsel. See Crim.R. 32(B)(2).

{¶9} Nevertheless, as previously noted, the record before this Court does not include a transcript of the September 8, 2010 hearing. The burden is on an appellant, who is claiming error in the proceedings below, to provide the appellate court with a transcript of the proceedings. App.R. 9(B). Absent a complete and adequate record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 1993-Ohio-177, 615 N.E.2d 617; *State v. Pringle*, 3rd Dist. No. 2-03-12, 2003-Ohio-4235, ¶ 10. Therefore, we must presume that the trial court properly informed Miller of his right to appeal the portion of his sentencing related to the PRC notification. See *Fischer*, 2010-Ohio-6238, at ¶ 30.[4]

{¶10} However, we also note that in its brief to this Court, the State does not dispute Miller's contention that the trial court failed to advise him of his appellate rights. Even assuming arguendo that the trial court did not advise Miller of his right to appeal the very narrow issue of the proper PRC notification, Miller has failed to demonstrate any prejudice. Clearly, Miller was aware of his right to appeal, as he timely filed a notice of appeal with this Court. In addition, this assignment of error reflects that, obviously, Miller became aware of a right to have

---

[4] In *Fischer*, the Court found that the "principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Fischer*, 2010-Ohio-6238, ¶ ¶ 30, 40. However, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Id*. at ¶ 40.

counsel appointed to him if he could not obtain counsel on his own, yet the record is devoid of any request by Miller for court-appointed counsel. Criminal Rule 32(B)(2) simply requires that Miller be informed of this right. However, it is incumbent upon a defendant to assert this right by requesting that counsel be appointed. Thus, any harm suffered by Miller is due to his failure to request that counsel be appointed. Further, given the limited scope of review permitted by *Fischer* to only issues arising at the resentencing for the proper imposition of PRC, the undisputed fact that Miller was convicted of felony sex offenses, the requirement of R.C. 2967.28(B)(1) that an offender convicted of a felony sex offense have a mandatory period of PRC of five years imposed upon him, and the trial court's notification to Miller that he would have a mandatory five-year period of PRC imposed upon him after being released from prison, there is simply no issue to appeal, regardless of whether Miller had counsel or not. Accordingly, the second assignment of error is overruled.

{¶11} For all of these reasons, the judgment of the Common Pleas Court of Putnam County, Ohio, is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

/jlr