[Cite as *State v. Miller*, 2011-Ohio-2403.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95684**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAYMOND MILLER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-225759, CR-225777, CR-225778, CR-225779, CR-225780,
CR- 225781, CR-225782, CR-227170, and CR-227351

**BEFORE:**    Sweeney, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**    May 19, 2011
**FOR APPELLANT**

Raymond A. Miller, Pro Se
No. 582-394
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Mary McGrath, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1}   Defendant-appellant Raymond A. Miller ("defendant") appeals the trial court's denial of his motion to resentence him for multiple felonies to which he pled guilty to and received his sentences for in 1988.   In the interim, defendant has been released and returned to prison for new convictions and to serve out the balance of the sentences that underlie this appeal.   The gravamen of defendant's motion for resentencing is that the trial court did not advise him of his appellate rights in accordance with Crim.R. 32(B)(2).   The trial court denied the motion from which defendant has appealed.

**{¶ 2}** Defendant's sole assignment of error provides: "The trial court erred and violated Appellant's due process rights when it did not advise him of his appellate rights at sentencing hearing."

**{¶ 3}** Defendant relies on *State v. Hunter*, Cuyahoga App. No. 92626, 2010-Ohio-657, and contends he is entitled to a new sentencing hearing on the grounds that he was not advised of his appellate rights pursuant to Crim.R. 32(B)(2). The rule requires that "after imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 32(B)(2). In *Hunter*, this court found it was "clear" from the record that the trial court failed to advise *Hunter* of his right to appeal his sentence in violation of Crim.R. 32. Id. at ¶17. We are unable to make that determination from the record that is before us in this case.

**{¶ 4}** In support of his motion, defendant attached the 1988 sentencing journal entries to his motion for resentencing but presented no other evidence as to what transpired at the sentencing hearing. The record does not contain the transcripts of the sentencing hearing, if still available, or any alternative form of the record as permitted by App.R. 9. See *State v. Kennedy* (Dec. 9, 1993), Cuyahoga App. No. 64065. "Absent a complete and adequate record, '[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below.'" *State v. Miller*, Putnam

App. No. 12-10-13, 2011-Ohio-1459, ¶9 (holding it "must presume that the trial court properly informed [defendant] of his right to appeal" where the transcript of the sentencing hearing is not provided.)

{¶ 5} We note that defendant seeks the resentencing in order to "restart the clock to file a timely appeal that was denied him twenty-three (23) years ago by the ineffectiveness of his Juvenile counsel and Common Pleas court counsel." The record reflects that defendant has challenged the effectiveness of his counsel as well as the validity of his pleas through the numerous motions and petitions he has filed throughout the years in the underlying cases. The trial court denied these motions and petitions and defendant did not pursue the matters on appeal.

{¶ 6} For the above reasons, the trial court did not err by denying defendant's motion for resentencing and this assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

MELODY J., STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR