[Cite as *State v. Miller*, 2017-Ohio-670.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-16-1029

        Appellee                                  Trial Court No. CR0201502228

v.

Nicholas Miller                              **DECISION AND JUDGMENT**

        Appellant                               Decided:  February 24, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Diana L. Bittner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Nicholas Miller, appeals the November 20, 2015

judgment of the Lucas County Court of Common Pleas which following no contest pleas

to aggravated robbery and burglary, sentenced him to an 11-year prison term.  Because

we find that appellant was not denied effective counsel and was not prejudiced by

entering his plea and in sentencing, we affirm.

{¶ 2} Appellant and a co-defendant were indicted on July 28, 2015, on two counts of aggravated robbery, R.C. 2911.01(A)(1), first-degree felonies with firearm specifications, one count of abduction, R.C. 2905.02(A)(2) and (C), a third-degree felony with a firearm specification, and one count of burglary, R.C. 2911.12(A)(2) and (D), a second-degree felony. The charges stemmed from a series of criminal acts all occurring on July 21, 2015. Appellant entered not guilty pleas to all charges.

{¶ 3} On November 3, 2015, appellant, following negotiations with the state, withdrew his not guilty pleas and entered no contest pleas to two counts of aggravated robbery and one count of burglary. The state requested that a nolle prosequi be entered as to the abduction charge and the firearms specifications. Thereafter, on November 20, 2015, appellant was sentenced to four years imprisonment as to each aggravated robbery count and a three-year prison term as to the burglary count. The court ordered that the terms be served consecutively.

{¶ 4} On March 18, 2016, appellant's motion for a delayed appeal was granted by this court and appellant now raises three assignments of error for our review:

> 1. Defendant-appellant was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, affecting the knowing and voluntary nature of his plea and causing prejudice to defendant-appellant.

2.

2. Defendant-appellant's convictions for aggravated robbery was in error because the prosecution's recitation of the facts pursuant to the no contest plea did not meet the elements of the charge.

3. The trial court erred in sentencing by not providing defendant-appellant proper notification of his appellate rights as enumerated in Criminal Rule 32.

{¶ 5} In appellant's first assignment of error he contends that his trial counsel was ineffective because he pressured appellant into entering no contest pleas by telling him that the sentences would be ordered served concurrently, he failed to object to the state's incomplete recitation of the facts supporting the charges, and he failed to object to the imposition of consecutive sentences.

{¶ 6} We first note that to establish ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 7} "Where a conviction is based on guilty or no contest pleas, the prejudice element requires the defendant to show that there is a reasonable probability that, but for

3.

counsel's errors, he would not have entered a plea. (Citations omitted.)" *State v. Luciano*, 6th Dist. Wood No. WD-14-023, 2015-Ohio-1264, ¶ 24, quoting *State v. Trevino*, 6th Dist. Lucas No. L-08-1394, 2009-Ohio-6983, ¶ 16.

{¶ 8} Appellant first contends that trial counsel was ineffective by pressuring him into entering no contest pleas through representation that the court would order the sentences be served concurrently. Appellant contends that based upon this representation, his plea was not made knowingly and voluntarily.

{¶ 9} Upon review, we find no evidence in the record that appellant's plea was involuntary. A mere assertion that a defendant was coerced into making a plea is insufficient to support an ineffective assistance of counsel claim. *See State v. Malesky*, 8th Dist. Cuyahoga No. 61290, 1992 Ohio App. LEXIS 4378 (Aug. 27, 1992), *5, citing *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983).

{¶ 10} At appellant's November 3, 2008 plea hearing, the following discussion took place:

> THE COURT: Are you satisfied with the amount of time you've had to speak with your attorney about this case?
>
> THE DEFENDANT: Yeah.
>
> HE COURT: Are you satisfied with his advice and counsel?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did anyone force you to enter this plea?
>
> THE DEFENDANT: No, Your Honor.

4.

THE COURT:  Did anyone promise you anything to get you to enter this plea?

THE DEFENDANT:  No.

THE COURT:  You're doing it voluntarily?

THE DEFENDANT:  Yes.

{¶ 11} Appellant further indicated that he understood that by entering the plea he faced up to a 30-year sentence and a maximum $55,000 fine.  These maximum penalties were reflected on the plea form signed by appellant.  Accordingly, we conclude that appellant's plea was knowing and voluntary.

{¶ 12} Appellant next argues that counsel was ineffective by failing to object to the state's recitation of the facts at the plea hearing in support of the no contest pleas.  Appellant argues that the facts did not support the aggravated robbery charges.  Specifically, appellant contends that contrary to the elements under R.C. 2911.01(A)(1), the state failed to demonstrate that appellant either possessed or controlled a weapon during the robberies.  Conversely, the state indicates that their prosecution theory was that appellant was an accomplice and that he could be and was charged and convicted as a principal offender.

{¶ 13} We first note that a plea of no contest is an admission to the facts alleged in the indictment.  Crim.R. 11(B)(2).  An unarmed accomplice in an aggravated robbery may be charged as a principal offender.  *State v. Frost*, 164 Ohio App.3d 61, 2005-Ohio-5510,

5.

841 N.E.2d 336, ¶ 20 (2d Dist.), citing *State v. Chapman*, 21 Ohio St.3d 41, 42, 487 N.E.2d 566 (1986); R.C. 2923.03(F).

{¶ 14} In regard to the aggravated robbery charges, the facts recited at the plea hearing established that appellant was with the co-defendant and that:

[T]he defendant and his co-defendant went to a location * * * in Sylvania Township, Ohio. They approached an individual standing outside of a car. As they approached him the other Defendant, Mr. Daniels, had a gun and this Defendant went up there and hit the individual who was standing outside his car and ordered him to go get in his car and demanded money from him. * * *. Shortly thereafter the two of them were * * * in the City of Toledo, Ohio, * * * [a]nd a person was going to the house at that location. He was approached by the two Defendants who indicated they were looking for a street and they didn't know where they were, they were lost, and went up to them and the co-Defendant produced a handgun, stuck it in his face and demanded money from his wallet. He gave them his wallet and they actually took the money out of the wallet and fled with that.

{¶ 15} Further, it is clear that appellant was aware that he was entering no contest pleas to the charges in the indictment and the statement of the evidence as presented by the state. We find no ineffective assistance of counsel as to this argument.

{¶ 16} Appellant finally contends that the trial court was ineffective by failing to object to the imposition of consecutive sentences. In particular, appellant argues that the

6.

court's finding that the harm imposed was "great or unusual" was not supported by the record in that the only evidence of harm was the appellant hit one of the individuals he robbed.

{¶ 17} In order to impose consecutive sentences under R.C. 2929.14(C)(4), a court must find that consecutive sentences are necessary to protect the public or to punish the offender, a consecutive sentence is not disproportionate to the seriousness of the offense, and that one of the conditions in R.C. 2929.14(C)(4)(a)-(c) is satisfied. *See State v. Schee*, 6th Dist. Erie No. E-15-048, 2017-Ohio-212.

{¶ 18} The R.C. 2929.14(C)(4) conditions provide:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

7.

{¶ 19} At the November 18, 2015 sentencing hearing, in imposing consecutive sentences the trial court tracked the language of the statute making findings under R.C. 2929.14(C)(4)(a), (b), and (c) without any elaboration. While a more elaborate explanation is preferable, it is not required. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 20} The court noted that during one of the robberies, appellant struck the victim and forced him into appellant's car. The victim was able to set off the car's alarm which caused appellant and the co-defendant to flee. The court stated that this may have saved the victim's life. The court noted that the second victim was also robbed at gunpoint and that they entered the third victim's home while he was working in the backyard and stole his laptop. Finally, the court indicated that appellant, 18 at sentencing, had a juvenile record of two prior felonies and four misdemeanors.

{¶ 21} Based on the foregoing, we cannot find that appellant's sentence was contrary to law or that counsel was ineffective in failing to object to the imposition of consecutive sentences. Pursuant to the plea agreement, appellant faced a 30-year maximum prison term. Moreover, had he been convicted on all counts, he would have faced a maximum term of 42 years, with nine years mandatory due to the firearms specifications. Based on the foregoing, we find appellant's first assignment of error not well-taken.

{¶ 22} Appellant's second assignment of error argues that appellant's convictions for aggravated robbery were contrary to law because the state's recitation of the factual

8.

basis for the pleas was insufficient. As set forth above, appellant was properly indicted on the aggravated robbery counts as a principal offender; thus, the co-defendant's possession of a gun was properly imputed to him. Appellant's second assignment of error is not well-taken.

{¶ 23} In appellant's third and final assignment of error, he contends that he was not properly notified of his appellate rights under Crim.R. 32. Specifically, appellant contends that the court failed to inform him of his rights under Crim.R. 32(B)(3)(a)-(d) which provides:

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

{¶ 24} Reviewing the record before us, we agree that the court did not advise appellant of the specific points under Crim.R. 32(B)(3). At the plea hearing, the court

9.

notified appellant of his automatic right to appeal a maximum sentence, that he had a right to appeal "mistakes" made during the plea, and that he had 30 days to commence an appeal. Appellant was "reminded" of these appeal rights at sentencing.

{¶ 25} In his assignment of error, appellant does not allege any prejudice in the court's failure to make the above notifications. Appellant did not commence his appeal in a timely fashion; however, in his motion for a delayed appeal he stated that his delay in filing the appeal was due to his attorney changing offices and his inability to contact him. Appellant stated that he then had to wait until he was transferred to his "parent institution" before commencing the appeal himself. We granted the motion and appointed him counsel. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 26} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE