[Cite as *State v. Conley*, 2019-Ohio-2763.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

NOAH CONLEY

    Appellant

C.A. No.    18CA011314

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR097259

DECISION AND JOURNAL ENTRY

Dated: July 8, 2019

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Noah Conley, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. Conley pled guilty to two counts of improperly discharging a firearm at or into a habitation or school safety zone, felonies of the second degree, one count of menacing by stalking, a felony of the fourth degree, one count of receiving stolen property, a felony of the fourth degree, and one count of aggravated menacing, a misdemeanor of the first degree.  The felonies were all accompanied by firearm specifications.  The trial court sentenced him to an aggregate total prison term of five years.

{¶3}    Mr. Conley moved this Court for leave to file a delayed appeal, which was granted.  He now appeals from the trial court's judgment and raises two assignments of error for our review.

**{¶4}** Because Mr. Conley's assignments of error are related, we will consolidate them and address them together.

II.

## ASSIGNMENT OF ERROR ONE

APPELLANT SUFFERED A DEPRIVATION OF HIS CONSTITUTIONAL RIGHTS BECAUSE THE TRIAL COURT ACCEPTED THE FELONY GUILTY PLEAS BEFORE EXPLAINING THE CONSTITUTIONAL RIGHTS BEING SURRENDERED IN VIOLATION OF CRIMINAL RULE 11.

## ASSIGNMENT OF ERROR TWO

THE FELONY PLEAS MUST BE VACATED BECAUSE THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH OHIO CRIMINAL RULE 11(C)(2) BEFORE ASKING CONLEY IF HE WISHED TO PLEAD GUILTY AND TO SURRENDER HIS CONSTITUTIONAL RIGHTS.

**{¶5}** In his first assignment of error, Mr. Conley argues that the trial court erred when it accepted his guilty pleas before informing him of the constitutional rights he waived by pleading guilty. In his second assignment of error, he argues that the trial court erred when it failed to strictly comply with Crim.R. 11 by not explaining his constitutional rights before he entered his guilty pleas. We disagree with both propositions.

**{¶6}** We first note that Mr. Conley appears to misinterpret throughout the body of his merit brief the requirements set forth in Crim.R. 11. Under his first assignment of error, he claims the trial court erroneously "appeared to accept" his guilty pleas prior to advising him of his rights. "Crim.R. 11(C) prohibits a trial judge from *accepting* a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." (Emphasis added.) *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. *See also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 13. The rule does not prohibit trial courts from "appearing to accept" guilty pleas prior

to advising defendants of their rights. Under his second assignment of error, he claims that trial courts are required to explain a defendant's constitutional rights *before* the defendant pleads guilty. However, the Supreme Court of Ohio has held that a defendant need only be informed of his constitutional rights "in a reasonable manner *at the time of entering his guilty plea * * *.*" (Emphasis added.) *State v. Ballard*, 66 Ohio St.2d 473, 478 (1981). Crim.R. 11(C)(2)(c) requires trial courts to address the defendant personally prior to *accepting* the defendant's guilty plea, and:

> [i]nform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Trial courts must strictly comply with the mandates of Crim.R. 11(C)(2)(c). *Veney* at ¶ 31. If a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty plea is invalid "'under a presumption that it was entered involuntarily and unknowingly.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

{¶7} Mr. Conley relies on dicta from a Tenth District case to support his misinterpretation of Crim.R. 11. *See State v. Rand*, 10th Dist. Franklin No. 03AP-745, 2004-Ohio-5838, ¶ 13 (stating the issue as being whether Mr. Rand was afforded a full Crim.R. 11 hearing "before he entered the plea"). However, not only is this language merely dicta from another district, but the *Rand* Court's discussion of constitutional rights and Crim.R. 11(C)(2)(c) was limited to the following statement: "A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights * * *." *Id.* at ¶ 14. *Rand*, instead, dealt primarily with a trial court's failure to substantially comply with the

nonconstitutional requirements of Crim.R. 11(C)(2)(a). *See id.* at ¶ 22. The trial court had improperly informed Mr. Rand at his plea hearing and erroneously sentenced him to a nonmandatory prison term, then later amended its judgment entry to reflect that the sentence was actually mandatory. *See id.* at ¶ 2-3. Therefore, *Rand* is neither persuasive to us in the instant matter, nor relevant to Mr. Conley's appeal. Mr. Conley also broadly cites to an Eleventh District case for the same proposition, yet that case does not support his argument and instead cites to the *Ballard* holding, whereby "a defendant must be 'informed in a reasonable manner *at the time of entering his guilty plea* of his [constitutional] rights * * *.'" (Emphasis added.) *State v. Gensert*, 11th Dist. Trumbull No. 2015-T-0084, 2016-Ohio-1163, ¶ 8, quoting *Ballard* at 478.

{¶8} Regardless, a review of the record here reveals that the trial court in a reasonable manner at the time of entering the guilty plea, and prior to actually accepting the guilty pleas properly advised Mr. Conley of the constitutional rights he would be waiving by pleading guilty. The trial court engaged him in an extensive Crim.R. 11 plea colloquy, explaining each charge to Mr. Conley and asking how he wished to plead to each one. Mr. Conley pled guilty to each charge individually. We discern nothing from the record that demonstrates the court, at that point, then accepted Mr. Conley's guilty pleas prior to advising him of his constitutional rights. The court, instead, continued its Crim.R. 11 plea colloquy with Mr. Conley, which included the following discussion regarding the constitutional rights he would be waiving by pleading guilty:

> THE COURT: Do you understand when you plead guilty, like you are doing now, you are waiving certain constitutional rights that you have?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand you are waiving your right to a trial by [a] jury of twelve people?
>
> THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand you are waiving your right to make the State prove your guilt beyond a reasonable doubt to all twelve of those people?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand you are waiving your right to have your lawyer cross-examine any witness that testifies against you at trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand you are waiving your right to issue subpoenas to force witnesses to show up on your behalf at trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT: Do you understand you are waiving the right you have to remain silent throughout your trial and that means that no one can force [you to] take the witness stand and testify; furthermore, if you decide you are going to remain silent, the State can't use your silence against you?  Okay?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right.  Do you have any questions for me on your plea here today?

THE DEFENDANT: No, Your Honor.

THE COURT: All right.  Based on all of the information that I have explained to you, is it still your desire to have the [c]ourt accept your guilty plea?

THE DEFENDANT: Yes, Your Honor.

Only then did the trial court actually accept Mr. Conley's guilty pleas:

THE COURT: All right.  Let the record reflect the defendant was here with counsel in open court.  *He was informed of all constitutional rights* and has made a knowing, intelligent and voluntary waiver of those rights.  I also find he does understand the nature of the charges against him, the effect of his plea, as well as the maximum penalty that could be given.  Finding it to be voluntary[,] *the [c]ourt accepts the defendant's plea* and finds him guilty of the indictment.

(Emphasis added.).  The court then set the matter for sentencing at a later date.

{¶9}    After reviewing the record, we determine that the trial court strictly complied with its obligations under Crim.R. 11(C)(2)(c).  The court did not err when it properly explained the

constitutional rights Mr. Conley would be waiving by pleading guilty in a reasonable manner at the time the plea was entered and prior to accepting the pleas.

{¶10} Mr. Conley's first and second assignments of error are overruled.

### III.

{¶11} Mr. Conley's first and second assignments of error are both overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.

CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.