[Cite as *State v. Knezeak*, 2019-Ohio-3056.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0093** |
| JOSEPH L. KNEZEAK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 00349.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.,* P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Joseph Knezeak, appeals from the judgment of the Ashtabula County Court of Common Pleas, finding him guilty of one count of burglary, after entering a plea of guilty to the same. Appellant challenges the knowing, intelligent, and voluntary nature of his plea. We affirm.

{¶2} Appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree; one count of grand theft, in violation of

R.C. 2913.02(A)(1)(B)(4), a felony of the third degree; and one count of theft, in violation of R.C. 2913.02(A)(1)(B)(2), a felony of the fifth degree. Though initially appellant pleaded not guilty, ultimately, appellant entered a plea of guilty to the burglary count; the remaining counts were nolled by the trial court. Appellant was then sentenced to a jointly recommended term of three-years imprisonment. Appellant now appeals and assigns the following as error:

{¶3} "Appellant's guilty plea was not knowingly, intelligently, and voluntarily made."

{¶4} A guilty plea entered in a criminal case must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 241 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11 "was adopted to ensure that certain information necessary for entering a knowing, intelligent, and voluntary plea would be conveyed to a defendant." *State v. Gensert*, 11th Dist. Trumbull No. 2015-T-0084, 2016-Ohio-1163, ¶9.

{¶5} When determining whether the trial court has met its obligations under Crim.R. 11 in accepting a guilty plea, appellate courts have distinguished between constitutional and non-constitutional rights. With respect to the constitutional rights, a trial court must advise a defendant that, by pleading guilty, he or she is waiving: "(1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200 at syllabus. A trial

2

court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of the constitutional rights and the failure to do so invalidates the plea. *Veney, supra.* "Strict compliance" does not require a verbatim recitation of the rights being waived. *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981). Rather, the standard requires the court to explain or refer to the rights in a manner reasonably intelligible to the defendant entering the guilty plea. *Id.*

{¶6} In contrast, the remaining so-called non-constitutional rights set forth under Crim.R. 11 require the court to: (1) determine the defendant understands the nature of the charge(s) and possesses an understanding of the legal and practical effect(s) of the plea; (2) determine the defendant understands the maximum penalty that could be imposed; and (3) determine that the defendant is aware that, after entering a guilty plea, the court may proceed to judgment and sentence. *State v. Nero*, 56 Ohio St.3d 106, 107-108 (1990). Although literal compliance with Crim. R. 11 with respect to the non-constitutional rights is preferred, an advisement that substantially complies with the rule will suffice. *Nero,* supra. A court substantially complies where the record demonstrates the defendant, under the totality of the circumstances, understood the implications of the plea and the rights waived. *Id.*

{¶7} Appellant does not take issue with the court's advisements regarding the constitutional rights he waived. And our review of the plea-hearing transcript demonstrates the trial court thoroughly explained each constitutional right appellant was waiving and appellant represented he understood the rights and the consequences of waiving the same. Moreover, appellant does not argue the trial court failed to establish he understood the maximum penalty the court could impose upon acceptance of the

3

plea, nor does he claim he was unaware that the court could proceed to judgment and sentence after accepting the plea. Rather, appellant asserts he did not have an adequate understanding of the nature of the burglary offense to which he pleaded. He specifically maintains he did not understand the element of the offense that required the state to prove the structure into which he entered was a habitation of a person who was "present or likely to be present." We do not agree.

{¶8} At the plea hearing, the trial court detailed each element of the crime of burglary to which appellant was pleading guilty. The court further elucidated the meaning of each element of the crime towards the end of affording appellant a full appreciation and understanding of what the state was required to prove. Among these elements was the requirement that the state prove that a person would be or would likely be present in the habitation in question when appellant entered the same. Appellant stated he understood that he was waiving his right to have the state prove each element beyond a reasonable doubt. The court subsequently queried: "And of course when you say you're pleading guilty it means you're admitting everything the state would have to prove for you to be found guilty of Count 1. You understand that?" Appellant responded in the affirmative. This representation, unto itself, is sufficient to establish appellant understood the nature of the charge and the consequence of pleading guilty.

{¶9} Later, during the plea colloquy, the court asked appellant to explain, in his own words, the factual basis for the charge to which he was pleading. Appellant responded:

{¶10} I was out late at night, and Jeremy Hennesey - - he's a heroin dealer and a meth dealer - - and I seen my girlfriend on the back of

4

his bike and I followed 'em to this house that's his. It's [an] abandoned house, but he takes girls there and he gives them meth. And I found out that my girl was with him, and I got, I lost it. I got real mad and I just went there and nobody was there, and I walked in his house and I took everything and I took it to my house. And I was just wanting him to come to my house and be a man. From then, forgive what I say, but I wanted to beat his ass. Excuse my language. But that's what I wanted to do. I caught him with my girl, you know, giving her meth. And that's what I did. I went there and I took all his stuff.

{¶11} Appellant maintains the foregoing statement, indicating the home was "abandoned" and that, upon his arrival, "nobody was there," was sufficient to demonstrate appellant did not fully understand the nature of the charge. Although the house may not have been actually occupied at the time appellant entered it, this does not imply, in light of appellant's factual recitation, one would not have the objective expectation that the habitation was or was likely to be occupied. Appellant stated he observed his girlfriend with Mr. Hennesey and, knowing that Mr. Hennesey allegedly takes females to the residence to give them drugs, appellant drove to the home. This provides an adequate basis for the inference that Mr. Hennesey would be or was likely to be in the habitation.

{¶12} We emphasize that a "guilty plea" is "[a]n accused person's formal admission in court of having committed the charged *offense.*" (Emphasis added.) *Black's Law Dictionary* 1337 (10th Ed.2014). An "offense" is "[a] violation of the law; a crime, often a minor one." *Id.* at 1250. And the United States Supreme Court has stated that a "guilty plea is an admission of all the elements of a formal criminal charge * * *." *McCarthy v. United States,* 394 U.S. 459, 466 (1969). The record in this matter strongly supports the conclusion that appellant understood the nature of the charge and that he wished to formally admit his guilt on each element of the charge. We recognize

5

that appellant only completed the seventh grade and, as a result, his comprehension of the nature of the charge was worthy of the trial court's focus. As discussed above, the trial court was highly circumspect in its recitation of the elements of the charge and engaged appellant attentively during the colloquy to ensure he was thoroughly apprised of each constitutional right he was waiving and of each non-constitutional component of Crim.R.11. In so doing, the record reflects that appellant entered his plea knowingly, intelligently, and voluntarily. We, therefore, discern no error in the trial court's acceptance of appellant's plea of guilty.

{¶13} Appellant's assignment of error lacks merit.

{¶14} For the above reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.