[Cite as *State v. Herbert*, 2019-Ohio-5092.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HAKEEN CORTEZ HERBERT aka HAKEEM CORTEZ HERBERT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0003**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 18 CR 124 A

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin,* Jefferson County Prosecutor, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee.

*Atty. Adam V. Buente*, The Law Office of Adam V. Buente, LLC, 841 Boardman-Poland Road, Suite 307, Boardman, Ohio 44512, for Defendant-Appellant.

Dated: December 9, 2019

_____

**WAITE, P.J.**

{¶1} Appellant Hakeen (also referred to as "Hakeem") C. Herbert appeals a January 23, 2019 Jefferson County Common Pleas Court judgment entry convicting him of three counts of having weapons while under disability. Appellant argues that the trial court failed to notify him of his right to appeal during the Crim.R. 11 plea colloquy. Appellant also argues that his trial counsel was ineffective for failing to file a motion to suppress evidence seized pursuant to a search warrant. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} The Jefferson County Drug Taskforce ("taskforce") began investigating drug activity at a residence located on Claire Avenue in Steubenville. (1/18/19 Hrg., p. 20.) During the course of the investigation, officers received information from a confidential informant who apparently saw Appellant's codefendants, Richard Wilson and John Sharp, trafficking drugs at the residence.

{¶3} During the same time frame, the taskforce began investigating Appellant, Wilson, Sharp, and Lester Donte Jordan after videos were found on various social media platforms showing the men with firearms. (1/18/19 Hrg. Tr., p. 21.) At least one video was posted to Facebook and at least one video was posted to Snapchat. It is unclear who originally uploaded these videos. Regardless, Appellant and his codefendants were each "tagged" in the social media posts. The videos showed Appellant and his codefendants firing weapons while in Fernwood State Park in Steubenville. At the time, Appellant was under a weapons disability stemming from two prior felony convictions,

Jefferson County case number 16-CR-164 and Linn County, Illinois case number IA-057015J.

{¶4} On June 18, 2018, the taskforce obtained and executed a search warrant at the Claire Ave. residence. While the record is not entirely clear as to who owns the house, it appears that Appellant lived there at the time of the search. During the search, members of the taskforce seized the following firearms: one AR-15 Tactical 556 rifle, one FNX Tactical .45 caliber pistol, one Glock 27 .40 caliber pistol, and a "Sig Saur" pistol. The taskforce also seized $1,020 and $10,698.50. It is unclear why the two amounts are separately listed, as it appears that all monies were seized during the same search. At some point thereafter, Appellant admitted to Detective Jason Hanlin that he knew the weapons were inside the house and where they were located, however, he claimed that they belong to his codefendant, Jordan, who is not under a weapons disability. (1/18/19 Hrg. Tr., p. 22.) Appellant also informed Det. Hanlin where Jordan purchased the weapons.

{¶5} On August 15, 2018, Appellant was indicted on one count of trafficking in drugs (heroin), in violation of R.C. 2925.03(A)(1), (C)(6)(c), a felony of the fourth degree, with two forfeiture specifications pertaining to the $1,020 and $10,698 seized by law enforcement; four counts of having weapons while under disability in violation of R.C. 2923.13(A)(3), felonies of the third degree; and one count of receiving stolen property, a violation of R.C. 2913.51(A), a felony of the fourth degree. The "Sig Saur" pistol is also the basis of the receiving stolen property charge. Appellant's codefendants were also charged with various crimes within the indictment.

**{¶6}** On January 18, 2019, Appellant pleaded no contest to three counts of having weapons while under disability (the AR-15, FNX pistol, and Glock). The state dismissed the other weapons charge pertaining to the "Sig Saur" pistol, the drug trafficking charge, and the receiving stolen property charge. (1/18/19 Amended Indictment.) At the plea hearing, the state presented evidence regarding the social media videos and Appellant's statements to Det. Hanlin, and introduced two photographs showing Appellant holding firearms. (1/18/19 Hrg. Tr., p. 22.) According to the state, the photographs were taken inside the basement of the Claire Ave. residence. Appellant's face and tattoos are visible in the photographs. In each photograph, Appellant can clearly be seen holding a firearm, including one photograph where he pointed the firearm's laser at the camera.

**{¶7}** Following the trial court's acceptance of Appellant's no contest plea, the court immediately proceeded to sentencing. The court accepted the joint recommendation and sentenced Appellant to thirty months of incarceration on each count, to run concurrently. The court credited Appellant with 215 days served. Although the drug trafficking charge was dismissed, Appellant agreed to waive any interest in the money and firearms seized by the taskforce. It is from this entry that Appellant timely appeals.

## ASSIGNMENT OF ERROR NO. 1

The Trial Court Failed to Advise Appellant of His Right to Appeal, a Constitutional Error That Requires Vacation of the Sentence and a Remand to the Trail [sic] Court for Further Proceedings.

**{¶8}** Appellant contends that the trial court failed to advise him of his right to an appeal at the plea hearing. Appellant claims that a defendant's right to appeal is a constitutional right for purposes of Crim.R. 11, thus he need not demonstrate prejudice. In the event that this Court finds that the right is nonconstitutional, he argues that prejudice is evident from the restrictions placed on his ability to appeal issues involving a motion to suppress.

**{¶9}** In response, the state explains that the advisement of a defendant's appellate rights falls under Crim.R. 32, and is irrelevant to a Crim.R. 11 analysis. Pursuant to Crim.R. 32, Appellant must demonstrate prejudice resulting from the trial court's failure to advise Appellant. The state contends that the case cited by Appellant is contrary to his position and supports the state's argument that Appellant cannot demonstrate prejudice because he did file a timely appeal in this matter. See *State v. Finch,* 5th Dist. Licking No. 11 CA 6, 2011-Ohio-4273.

**{¶10}** Appellant exhibits some confusion, here, as he has meshed the concepts of Crim.R. 11 and Crim.R. 32. Although Appellant uses the terms and principles of the rules interchangeably, they address wholly different concepts. Crim.R. 11 details the advisements that must be given to a defendant at a plea hearing, whereas Crim.R. 32 provides the advisements that must be made to a defendant at a sentencing hearing. The advisements necessary at a Crim.R. 11 plea hearing involve the rights that the defendant waives as a result of his plea. The advisements given at the sentencing hearing pertain to the rights a defendant maintains regarding his sentence and subsequent appeal.

**{¶11}** In his confusion, Appellant argues that the advisement of a defendant's right to appeal is a part of the advisements of constitutional rights made pursuant to Crim.R.

11(C). However, the Ohio Supreme Court and all twelve Ohio appellate districts have expressly limited the advisements of constitutional rights to the five rights found within Crim.R. 11(C)(2)(c), which include: the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, and the right to require the state to prove all elements beyond a reasonable doubt. See *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Green*, 1st Dist. Hamilton No. C-170477, 2019-Ohio-1428; *State v. Davis,* 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904; *State v. Norville,* 3d Dist. Seneca No. 13-18-26, 2018-Ohio-5220; *State v. Willison,* 4th Dist. Athens No. 18CA18, 2019-Ohio-220; *State v. Shaw,* 5th Dist. Muskingum No. CT2018-0054, 2019-Ohio-2387; *State v. Anderson,* 6th Dist. Lucas No. L-18-1110, 2019-Ohio-1915; *State v. Howell,* 7th Dist. Monroe No. 17 MO 0018, 2019-Ohio-1806; *State v. Gossett,* 8th Dist. Cuyahoga No. 107871, 2019-Ohio-3284; *State v. Conley,* 9th Dist. Lorain No. 18CA011314, 2019-Ohio-2763; *State v. Haddad,* 2017-Ohio-1290, 88 N.E.3d 556 (10th Dist.); *State Knezeak,* 11th Dist. Ashtabula No. 2018-A-0093, 2019-Ohio-3056; *State v. Martin,* 12th Dist. Warren No. CA2018-09-105, 2019-Ohio-2792.

{¶12} As earlier discussed, the advisement of a defendant's appellate rights is made pursuant to Crim.R. 32. Crim.R. 32(B)(3) provides:

> If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

> (a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b)  That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c)  That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d)  That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

**{¶13}** As noted by the state, the case relied on by Appellant supports the state's position.  The *Finch* court held that the right to an appeal of a criminal conviction is not a constitutional right for purposes of Crim.R. 11.  Instead, it is an advisement arising from the requirements of Crim.R. 32.  The court explained:  "the right to appeal does not arise until sentencing.  It is not a requirement to be performed prior to the acceptance of a plea and has no bearing on whether the plea was knowingly, intelligently or voluntarily made." *Id.* at ¶ 26.

**{¶14}** That said, Appellant is correct that the trial court failed to advise him at sentencing of his right to have an appeal filed on his behalf.  However, all twelve Ohio appellate districts hold that this error is harmless where the defendant either files a timely appeal or the court of appeals accepts a delayed appeal.  See *State v. Joiner,* 1st Dist. Hamilton No.C-840784, 1985 WL 8916 (July 3, 1985); *State v. Fulton,* 2d Dist. Clark No. 2002-CA-62, 2003-Ohio-1556, reversed on other grounds; *State v. Miller,* 3d Dist. Putnam No. 12-10-13, 2011-Ohio-1459; *State v. Thompson,* 4th Dist. Washington Nos. 10CA5, 10CA13, 2012-Ohio-3188; *State v. Fryer,* 2015-Ohio-4573, 48 N.E.3d 962 (5th Dist.); *State v. Miller,* 2017-Ohio-670, 85 N.E.3d 475 (6th Dist.); *State v. McElroy,* 7th Dist.

Mahoning No. 99 C.A. 70, 2000 WL 1486761 (Sept. 22, 2000); *State v. Nix,* 8th Dist. Cuyahoga No. 106894, 2018-Ohio-4702, reopened on other grounds; *State v. Moore,* 9th Dist. Lorain No. 15CA010753, 2017-Ohio-7546, vacated on other grounds; *State v. D.H.,* 10th Dist. Franklin No. 15AP-525, 2015-Ohio-5281; *State v. Antoine,* 11th Dist. Portage No. 2018-P-0009, 2019-Ohio-414; *State v. Abrams,* 12th Dist. Clermont Nos. CA2017-03-018, CA2017-03-019, 2017-Ohio-8536.

**{¶15}** Appellant has filed a timely appeal in this matter and appointed counsel filed a merit brief on his behalf. In accordance with established Ohio law, the trial court's failure to advise Appellant of his right to appeal is harmless.

**{¶16}** Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

Trial Counsel Was Ineffective in Not Filing a Motion to Suppress All Evidence Obtained as a Result of an Unconstitutionally General Warrant Allowing a Search of "All Persons."

**{¶17}** Appellant argues that his trial counsel was ineffective for failing to file a motion to suppress evidence obtained pursuant to "an unconstitutionally general" search warrant. (Appellant's Brf., p. 9.) According to Appellant, the language of the search warrant permitted law enforcement to search "any person suspected to be involved in drug activity or concealing any of the listed evidence on their person." (Appellant's Brf., p. 10.) Appellant contends that such language is overly broad pursuant to *State v. Kinney,* 83 Ohio St.3d 85, 698 N.E.2d 49 (1998). Appellant asserts that he informed the trial court

at his plea hearing that he had reservations regarding his counsel's failure to file a motion to suppress and appeared to be confused regarding the issue.

**{¶18}** The state responds that, although Appellant initially indicated that he wanted a motion to suppress filed, he unequivocally stated at the plea hearing that he no longer wished to file the motion and would rather accept the terms of the negotiated plea agreement. The trial court questioned Appellant on the issue and confirmed that he desired to accept the negotiated plea agreement in lieu of filing a motion to suppress.

**{¶19}** The test for ineffective assistance of counsel is two-part: whether trial counsel's performance was deficient and, if so, whether the deficiency resulted in prejudice. *State v. White*, 7th Dist. Jefferson No. 13 JE 33, 2014-Ohio-4153, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107. In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 11, citing *Strickland* at 694. The appellant must affirmatively prove the alleged prejudice occurred. *Strickland* at 693.

**{¶20}** Because an appellant must satisfy both *Strickland* prongs, if one prong is not met, an appellate court need not address the remaining prong. *Id.* at 697. The appellant bears the burden of proof on the issue of counsel's effectiveness, and in Ohio, a licensed attorney is presumed competent. *State v. Carter*, 7th Dist. Columbiana No.

2000-CO-32, 2001 WL 741571 (June 29, 2001), citing *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶21}** As a threshold issue, the search warrant in this case, which Appellant quotes in his brief, is not part of the appellate record. Hence, we cannot confirm the accuracy of the quoted passage within Appellant's brief. Importantly, because the search warrant is *de hors* the record, we cannot consider it on appeal. Even if Appellant could demonstrate that the failure to file a motion to suppress in this matter amounted to deficient performance, he cannot demonstrate prejudice.

**{¶22}** It appears Appellant believes the guns seized by means of the warrant should not have been used as evidence. Again, prejudice can only be shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lyons,* at ¶ 11. The state introduced a plethora of admissible evidence in this matter against Appellant, even if a motion to suppress the weapons would have been successful. The state introduced some of the records in two cases, one from Jefferson County and another from Linn County, Illinois, to show that Appellant was under a weapons disability. The state admitted two photographs into evidence during the plea hearing, which are a part of the appellate record. The photographs show Appellant holding firearms while inside the basement of the Claire Ave. residence. Appellant's face and tattoos are clearly visible in the photographs. It is also clear from the photographs that Appellant is holding a firearm. In fact, in one photograph, he is shown pointing a firearm with the firearm's laser aimed at the camera. These facts alone are sufficient to result in conviction.

**{¶23}** The state additionally presented evidence of Appellant's statements to Det. Hanlin that he was aware firearms were inside the residence and that he knew where those weapons were located. The state also possessed and was prepared to admit into evidence several videos of Appellant holding and firing several firearms. Even without the seized firearms, there is ample evidence to convict Appellant of having weapons while under disability.

**{¶24}** Regardless, Appellant clearly and unequivocally stated at the plea hearing that, while he originally wanted to file a motion to suppress, he would rather accept the negotiated plea agreement. The following conversation occurred between Appellant and the trial court at the plea hearing:

THE COURT: Is there anything he's -- is there anything that you think ought to be done that's not yet done, like talk to a witness, file a motion, explain something to you, anything at all?

[APPELLANT]: I did want a motion filed at first but --

THE COURT: Excuse me?

[APPELLANT]: At first I did want a motion filed till we came to this agreement.

THE COURT: Okay. Well, what happened to that? I mean, are you good that that didn't happen or --

[APPELLANT]:  Like I just rather do the plea of no contest and take the 30 months.

(1/18/19 Hrg. Tr., p. 18.)

**{¶25}** It is clear from this passage that Appellant preferred to accept the agreement reached by the parties and no longer wished to pursue a motion to suppress. In addition to the court's questioning of Appellant, it also questioned his counsel regarding the matter.

THE COURT:  What motion did he want filed?

[COUNSEL]:  Your Honor, it was my understanding from our conversations that we originally talked about a possible motion to suppress based off the search warrant.

THE COURT:  But there had to be some grounds for that.  Were there any?

[COUNSEL]:  My client and myself discussed that matter at length.  I went over some caselaw that he had found, that I had found and I explained to him the differences in the matter and that I felt it was baseless at -- at that time.

THE COURT:  Okay.  Are you good with that?

[APPELLANT]:  Yes, sir.

(1/18/19 Hrg. Tr., pp. 18-19.)

**{¶26}** This record demonstrates that trial counsel reviewed the research Appellant had apparently conducted with him and provided him with his own research showing that a motion to suppress would have been baseless in this case. Counsel also explained to Appellant the difference between his case and those he found in his research. Appellant confirmed to the court that this conversation occurred and that he was satisfied with the discussion. Further, Appellant clearly expressed his desire to accept the negotiated plea agreement and forgo the filing of a motion to suppress.

**{¶27}** We note that Appellant faced a significant prison sentence if convicted of all charged counts, because the maximum punishment was three years of incarceration for each weapons disability charge and eighteen months each for the drug trafficking and receiving stolen property charges. With the benefit of the jointly recommended sentence, Appellant is serving only two and one-half years. This total sentence represents three counts of weapons disability and is less than the maximum possible penalty for one single count of a weapons disability. Appellant faced three additional charges which were dismissed pursuant to the plea agreement. This record shows that Appellant received a significantly reduced sentence.

**{¶28}** Based on the record, Appellant fails both prongs of the *Strickland* test. Appellant made an informed decision to forgo filing a motion to suppress. Additionally, he cannot demonstrate prejudice. Appellant's second assignment of error is without merit and is overruled.

Conclusion

**{¶29}** Appellant argues that the trial court failed to notify him of his appellate rights during the plea colloquy. Appellant also argues that his trial counsel was ineffective for

failing to file a motion to suppress. Pursuant to caselaw, Appellant cannot demonstrate prejudice as to the trial court's failure to notify him at sentencing of his appellate rights because he filed a timely appeal. Additionally, Appellant determined that he would rather accept the terms of a negotiated plea agreement than file a motion to suppress. Again, Appellant cannot demonstrate prejudice. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**